UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



10 CIV 7994

TPG REWARDS, INC.,

          Plaintiff,

v.

QUANTUM LOYALTY SYSTEMS, INC.,

          Defendant.

Civil Action No.

RECEIVED
OCT 20 2010
CASHIERS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff TPG Rewards Inc., for its Complaint against Defendant Quantum Loyalty Systems, Inc., hereby alleges as follows:

## THE PARTIES

1. Plaintiff TPG Rewards, Inc. ("TPG") is a Delaware corporation having a place of business at 111 John Street, 27th Floor, New York, New York 10038 ("TPG").

2. Defendant Quantum Loyalty Systems, Inc. ("Quantum") is a Nevada corporation having a place of business at 926 Incline Way, Suite 200, Incline Village, Nevada 89451. On information and belief, QLS does business throughout the United States, and within this Judicial District.

## NATURE OF CLAIMS AND BASIS FOR JURISDICTION AND VENUE

3. This is an action brought pursuant to the Lanham Act, 15 U.S.C. § 1125(a), the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1), and under the

statutes and laws of the State of New York for Quantum's bad faith registration and use of the domain name www.tpgrewards.ca (the "Infringing Domain Name") to divert users interested in TPG's products and services to Quantum's website www.quantumloyalty.com.

4. This action arises under the Lanham Act, 15 U.S.C. §§ 1125(a) and (d), and the statutes and laws of the State of New York.

5. This court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), 15 U.S.C. § 1121, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction over the state claims is based upon 15 U.S.C. § 1338(b) and 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391(b) and (c).

7. TPG has used its distinctive trade name TPG REWARDS in interstate commerce continuously and exclusively since 2006. Notwithstanding TPG's rights to the TPG REWARDS mark, without authorization from TPG, and despite having no legitimate reason to do so, Quantum registered or caused to be registered, and is using the Infringing Domain Name to promote its products and services in direct competition with TPG. Quantum's use of the TPG REWARDS name as its Infringing Domain Name used to offer directly competitive products and services is likely to cause confusion, violates the ACPA, 15 U.S.C. § 1125(d), and constitutes a false designation of origin, 15 U.S.C. § 1125(a).

## FACTS COMMON TO ALL CLAIMS

*TPG's Distinctive Mark*

8. TPG has been in the business of creating a variety of incentive awards programs for its customers in the United States and Canada since at least 2006. One such program is the MOVIE CASH® program, which was created at least as early as 1994 by TPG's predecessor and has been marketed and sold by TPG and its predecessors continuously since 1994 throughout the United States, including the State of New York, and in Canada.

9. TPG has provided products and services under its distinctive TPG REWARDS mark since 2006. TPG promotes its products and services through a variety of means, including on the Internet under the domain name www.tpgrewards.com. Plaintiff's TPG REWARDS mark is the subject of U.S. Trademark Application Serial No. 85/155,723, filed October 19, 2010, which is currently pending.

10. The TPG REWARDS mark represents to the consuming public in the United States and Canada the goods and services offered exclusively by TPG.

11. Due to TPG's extensive advertising, promotion, and sale of products and services under the TPG REWARDS mark in the United States and Canada since 2006, the TPG REWARDS mark has become distinctive and famous.

*Quantum's History of Unfair Competition with TPG*

12. Defendant Quantum advertises, promotes, distributes, offers for sale, and sells incentive awards program services, in interstate commerce throughout the United States and the State of New York, and in Canada, in direct competition with TPG.

3

13. Quantum is a direct competitor of TPG in the market for incentive awards program services.

14. Quantum's CEO, Ron Randolph-Wall, previously was employed by an advertising agency, Bozell Worldwide, where he worked with TPG's CEO, John Galinos. On information and belief, Mr. Randolph-Wall was terminated by Bozell.

15. On information and belief, after Mr. Randolph-Wall's termination, he started Quantum Loyalty Systems, Inc., which competes directly with Mr. Galinos' company, TPG Rewards, Inc., in the field of consumer incentive awards programs.

16. Over the years, Quantum has engaged in a series of acts to compete unfairly with TPG as part of a calculated scheme to trade upon TPG's goodwill and reputation, and to interfere tortiously with TPG's business. These unfair competitive acts have included acts of false comparative advertising, trademark infringement, tortious interference with business relations, the bad faith assertion of patent infringement claims, and, most recently, cybersquatting.

17. On information and belief, at sometime in or around 2008, Mr. Randolph-Wall was interviewed for the book entitled "The Sexual Paradox: Men, Women, and the Real Gender Gap," authored by Susan Pinker.

18. On information and belief, in that interview, Mr. Randolph-Wall told the interviewer: "Every day, and I mean every day, I wake up and think how I can smash those guys into the ground." On information and belief, Mr. Randolph-Wall was referring to employees of TPG and/or its predecessor.

19. On July 17, 2008, TPG filed a civil action against Quantum for false comparative advertising and unfair competition in the United States District Court for the Southern District of

New York, Civil Action No. 08-CV-06396 (JSR) ("the First New York Action"), based upon a false comparative advertisement distributed by Quantum which misrepresented TPG's services. In that action, Quantum consented to a preliminary injunction.

20.  On September 25, 2008, TPG amended its Complaint in the First New York Action to add causes of action for trademark infringement, based upon Quantum's use of designations for its competitive programs which were confusingly similar to TPG's distinctive family of CASH service marks, including MOVIE CASH, MUSIC CASH, GAS CASH, DVD CASH and ENTERTAINMENT CASH.

21.  Within days of settling the First New York Action, Quantum commenced an action against TPG in the United States District Court for the District of Delaware, Civil Action No. 09-CV-00022 (SLR/MPT) ("the Delaware Action"), for patent infringement, based upon a patent acquired in April 2008 by Quantum. The patent had just issued in March 2008.

22.  Shortly after filing the Delaware Action, Quantum issued a misleading press release, which, on information and belief, its sales force misused to solicit business from TPG's customers.

23.  On January 21, 2009, TPG commenced an action against Quantum in the United States District Court for the Southern District of New York, Civil Action No. 09-CV-00562 (DLC) ("the Second New York Action"), for, *inter alia*, false advertising and unfair competition based upon Quantum's improper use of the Delaware Action to solicit business. That action was stayed pending the disposition of the Delaware Action.

*Quantum's Bad Faith Registration of the Infringing Domain Name*

24.  After TPG commenced use of its distinctive TPG REWARDS mark, and without the

consent of TPG and with full knowledge of TPG' rights in the TPG REWARDS mark, Quantum registered or caused to be registered the Infringing Domain Name.

25. Quantum has used and is using the Infringing Domain Name in interstate commerce in the United States.

26. On information and belief, Quantum set up an automatic link to divert users who desire to reach the webpage identified by the Infringing Domain Name to Quantum's website at www.quantumloyalty.com. Attached as Exhibit A is a trace report which shows that users who enter www.tpgrewards.ca into their web browser are automatically directed to www.quantumloyalty.com. Attached as Exhibit B is a video which demonstrates that users entering the Infringing Domain Name into a web browser are automatically transported to Quantum's U.S. website.

27. Without any intellectual property rights in the TPG REWARDS mark and as part of a calculated scheme to capitalize on and trade upon TPG's goodwill, Quantum registered or caused to be registered the Infringing Domain Name with the bad faith intent to profit from the goodwill and value associated with TPG and the TPG REWARDS mark.

28. On information and belief, Quantum's registration and use of the Infringing Domain Name were conducted with full knowledge of TPG's rights in the TPG REWARDS mark and motivated by Quantum's desire to compete unfairly with TPG and to divert TPG's customers or potential customers to competitive products and services offered on Quantum's U.S. website.

29. TPG was not and is not connected in any way with Quantum. However, on information and belief, Quantum's use of the Infringing Domain Name, without the consent of TPG, was intended to suggest, and falsely suggested that Quantum's goods and services were endorsed, sponsored, authorized or approved by TPG

30. Quantum has deliberately harmed, and will continue to harm, the goodwill enjoyed by the TPG REWARDS mark in the United States and in Canada among virtually all consumers by creating a false association between the genuine products and services provided by TPG and those associated with Quantum.

31. On information and belief, Quantum registered or caused to be registered the Infringing Domain Name with full knowledge of TPG's intellectual property rights in the TPG REWARDS name.

32. The Infringing Domain Name incorporates TPG's distinctive TPG REWARDS mark in its entirety. Thus, the Infringing Domain Name is confusingly similar to, and dilutive of, Plaintiff's TPG REWARDS mark, and violates TPG's trademark rights in the TPG REWARDS mark in the United States and in Canada.

33. Quantum is either the actual or beneficial owner of the Infringing Domain Name.

34. Quantum is using the Infringing Domain Name in conjunction with online advertising for products and services that directly compete with TPG.

35. Quantum is not affiliated with TPG and is not authorized to use TPG's trademarks or to profit from the goodwill that TPG has generated in the TPG REWARDS mark.

36. Quantum has no legitimate reason to use Plaintiff's TPG REWARDS mark in connection with its online commercial activities.

37. Quantum's use of the Infringing Domain Name, which contains Plaintiff's TPG REWARDS mark in its entirety, results in the likelihood that consumers will mistakenly believe that Quantum is associated, affiliated, or otherwise conducting business with TPG.

38. On information and belief, Quantum's conduct was and is intentional, willful, and

designed to unlawfully misappropriate and trade off TPG's goodwill and reputation.

39. On information and belief, Quantum's conduct is specifically designed to capitalize on the initiative and goodwill of TPG and has been undertaken in bad faith.

40. Quantum's conduct is likely to injure the business reputation of TPG.

41. Quantum's acts continue to cause TPG irreparable harm for which it has no adequate remedy at law.

## COUNT I
## CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## (15 U.S.C. § 1125(d)(1))

42. TPG repeats the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. Quantum has registered, trafficked in and/or used the Infringing Domain Name.

44. The Infringing Domain Name is identical or confusingly similar to Plaintiff's TPG REWARDS mark, which was distinctive at the time Quantum registered the Infringing Domain Name.

45. Quantum adopted the Infringing Domain Name with a bad faith intent to profit from Plaintiff's TPG REWARDS mark.

46. Quantum's use of the Infringing Domain Name has caused, and is likely to continue to cause, irreparable harm to TPG's goodwill and reputation.

47. Quantum's actions were willful, and TPG has no adequate remedy at law.

48. Quantum's activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

49. As a result of Quantum's willful and intentional actions, TPG has incurred attorneys' fees and costs.

50. As a result of Quantum's willful and intentional actions, TPG has been damaged in an amount to be proven at trial.

51. As a result of Quantum's acts, TPG has been, is being and will continue to be irreparably damaged by such acts and damage will continue unless the acts are enjoined by this Court. TPG has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a)

52. TPG repeats the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

53. This cause of action for false designation of origin arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. By reason of the foregoing, Quantum's unlawful conduct constitutes the willful use in interstate commerce of false designations of origin or false or misleading descriptions or representations of fact which are likely to cause confusion, mistake or deception, in that it falsely designates Quantum's goods and services as originating from, being sponsored or endorsed by, and/or being affiliated with TPG, all in violation of 15 U.S.C. § 1125(a).

55. As a result of Quantum's false and misleading conduct, TPG has been and is likely to continue to be injured by diversion of customers from TPG to Quantum and by the lessening of the goodwill TPG's services enjoy with the buying public. TPG has no adequate remedy at law.

## COUNT III
## DECEPTIVE PRACTICES UNDER NEW YORK GENERAL BUSINESS LAW

56. TPG repeats the allegations set forth in paragraphs 1-55 above as if fully set forth herein.

57. This cause of action is for deceptive practices and arises under the statutory law of the State of New York (Section 349 of New York General Business Law).

58. By reason of the foregoing, Quantum's willful conduct as alleged above constitutes deceptive acts and practices in the conduct of its business, in violation of Section 349 of the New York General Business Law.

59. TPG has been, is being and will continue to be, irreparably damaged by such acts and damage will continue unless the acts are enjoined by this Court. TPG has no adequate remedy at law.

## COUNT IV
## NEW YORK COMMON LAW UNFAIR COMPETITION

60. TPG repeats the allegations set forth in paragraphs 1 through 59 above as if fully set forth herein.

61. This cause of action is for unfair competition and arises under the common law of the State of New York.

62. Quantum has created a likelihood of injury to TPG's business reputation by using Plaintiff's TPG REWARDS mark as a domain name, and diverting users interested in TPG's products and services to Quantum's website.

63. On information and belief, Quantum's conduct is specifically designed to capitalize

on the initiative and goodwill of TPG and has been undertaken in bad faith.

64. TPG has been, is being and will continue to be irreparably damaged by such acts and damage will continue unless the acts are enjoined by this Court. TPG has no adequate remedy at law.

**WHEREFORE**, plaintiff TPG Rewards, Inc. demands judgment as follows:

(a) Defendant Quantum and its respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

(i) Using, linking to, registering, trafficking in, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Name or any other domain name or trademark or service mark that incorporates, in whole or in part, Plaintiff's TPG REWARDS mark;

(ii) Using false representations or descriptions in commerce or using false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Quantum with TPG, or as to the origin, sponsorship, or approval of Defendant Quantum's products or services by TPG;

(iii) Otherwise infringing Plaintiff's TPG REWARDS mark; and

(iv) Unfairly competing with TPG or otherwise injuring its business reputation in any manner;

(b) Defendant Quantum be required to transfer ownership of the Infringing Domain Name www.tpgrewards.ca to TPG;

(c) Defendant Quantum be required pay its profits to TPG, any damages sustained by TPG as a result of Quantum's acts, and TPG's costs of this action, pursuant to 15 U.S.C. § 1117(a), and any other damages recoverable under any other statute or law alleged in this Complaint;

(d) Defendant Quantum be required to pay TPG three times the amount of TPG's actual damages due to the circumstances of this case, pursuant to 15 U.S.C. § 1117(b), and/or under any other statute or law alleged in this Complaint;

(e) Defendant Quantum be required to pay to TPG statutory damages in an amount not less than $100,000, pursuant to 15 U.S.C. § 1117(d);

(f) Defendant Quantum be ordered to pay TPG their attorneys' fees and costs because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a), and/or New York General Business Law §§ 349 and/or under any other statute or law alleged in this Complaint;

(g) Defendant Quantum be required to pay punitive damages to TPG under New York Law; and

(h) TPG be awarded such other and further relief as this Court may deem just and proper.

TPG REWARDS, INC.

Dated: October 20, 2010

By: /s/ Robert T. Maldonado
Robert T. Maldonado (RM 7873)
Norman H. Zivin (NZ 6053)
Tonia A. Sayour (TS 7208)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel. (212) 278-0400
Fax. (212) 391-0525
E-mail: RMaldonado@cooperdunham.com

Attorneys for TPG Rewards, Inc.

# Exhibit A

Home    Tools    Products    Forum    Company    Account    Support

Home    Tools

‹ Return to tools                                                                                           Email Results

### Traceroute to tpgrewards.ca

| Hop | T1 | T2 | T3 | Best | Graph | IP | Hostname | Dist | TTL | Ctry | Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 0 | * | 0.5 ms | | 174.133.202.225 AS21844 THEPLANET-AS | e1.ca.85ae.static.theplanet.com. | | 255 | US | Unix: 15:50:40.777 |
| 2 | 0 | 0 | * | 0.5 ms [+0ms] | | 74.55.252.121 AS21844 THEPLANET-AS | po10.dsr02.hstntx2.theplanet.com. | 0 miles [+0] | 254 | US | Unix: 15:50:40.797 |
| 3 | 0 | 0 | * | 0.5 ms [+0ms] | | 74.55.252.37 AS21844 THEPLANET-AS | 5-4.ibr01.hstntx2.theplanet.com. | 0 miles [+0] | 62 | US | [Router did not respond] |
| 4 | 6 | 6 | * | 5.9 ms [+5ms] | | 70.87.253.49 AS21844 THEPLANET-AS | et5-4.ibr03.dllstx3.theplanet.com. | 0 miles [+0] | 61 | US | [Router did not respond] |
| 5 | 6 | 6 | * | 5.9 ms [+0ms] | | 70.87.253.22 AS21844 THEPLANET-AS | te9-1.dsr02.dllstx3.theplanet.com. | 0 miles [+0] | 251 | US | Unix: 15:50:40.897 |
| 6 | 6 | 5 | * | 5.9 ms [+0ms] | | 70.87.253.25 AS21844 THEPLANET-AS | et3-2.ibr04.dllstx3.theplanet.com. | 0 miles [+0] | 60 | US | [Router did not respond] |
| 7 | 6 | 6 | * | 6.2 ms [+0ms] | | 206.223.118.7 AS2914 NTT-COMMUNICATIONS-2914 | eq-dfw.rackspace.net. | 0 miles [+0] | 250 | US | [Router did not respond] |
| 8 | 7 | 7 | * | 7.5 ms [+1ms] | | 174.143.123.84 AS33070 RMH-14 | core3-bbr1-vlan2003.dfw1.rackspace.net. | 0 miles [+0] | 249 | US | [Router did not respond] |
| 9 | 7 | 9 | * | 7.7 ms [+0ms] | | 72.3.129.104 AS33070 RMH-14 | aggr114a.dfw1.rackspace.net. | 0 miles [+0] | 248 | US | [Router did not respond] |
| 10 | 7 | * | * | 7.8 ms [+0ms] | | 72.32.126.122 AS33070 RMH-14 | [Reached Destination]93496-app1.quantumloyalty.com. | 0 miles [+0] | 56 | US | Unix: 15:50:41. 46 |
| 11 | | | | | | | | | | | |
| 12 | | | | | | | | | | | |
| 13 | | | | | | | | | | | |
| 14 | | | | | | | | | | | |
| 15 | | | | | | | | | | | |

*Analysis:*
Number of hops: 10

Last hop responding to ICMP: 10, UDP: 9, TCP: 0.

The destination appears to block unwanted UDP packets.

There appears to be a firewall at 174.133.202.225 (hop 1) that blocks unwanted TCP packets.

*Legend:*

- ECN was not used on the TCP packets. To use ECN, click here.
- T1/T2/T3 are the round-trip times in milliseconds (1/1000ths of a second).
- T1 uses a proper ICMP-based tracert (Microsoft style). T2 uses a UDP-based traceroute (Unix-style). T3 uses a TCP-based traceroute (port 80).
- Since many ISPs now block ICMP and/or packets to unknown ports, T3 (rarely used by traceroute programs) typically shows the best results.
- Best times may be theoretical (if it takes 80ms to hop 10, and 50ms to hop 11, we say the best time for hop 10 is 50ms).
- If no reverse DNS entry is given for an IP, we display 'unknown.example.com' if the domain name is known.

ABOUT US    CONTACT    FORUM    SITE MAP    TRADEMARKS    PRIVACY POLICY    TERMS OF USE

http://www.dnsstuff.com/tools/tracert/?ip=tpgrewards.ca&timeout=                                10/19/2010

DNSstuff.com | 20 - 40 Holland Street | Suite 406 B | Somerville, MA 02144 | +1.866.751.4124
Technical Support Hours: Monday - Friday | 9 AM - 6 PM EST
© Copyright 2010 DNSstuff, LLC. All Rights Reserved

# Exhibit B

